# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CONLAN ABU, a California Corporation; and
AMANDA RHOADES MOORE, an individual,

    Plaintiffs,

vs.

ALLY FINANCIAL, INC., a Delaware Corporation,

    Defendant.

Case No. 21-      CZ

Hon.

_____/

R. Christopher Cataldo (P39353)
Jaffe, Raitt, Heuer & Weiss, PC
Attorneys for Plaintiff
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
ccataldo@jaffelaw.com
_____/

## COMPLAINT

*There is no other pending or resolved civil action
arising out of the same transaction or occurrence as
alleged in the complaint.*

Plaintiffs CONLAN ABU and AMANDA RHOADES MOORE, through undersigned counsel, complain against the Defendant, ALLY FINANCIAL as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff Conlan Abu is a California Corporation with its principal place of business located in Macomb County, Michigan.

2. Plaintiff Amanda Rhoades Moore ("Moore") is an individual who resides in Oakland County, Michigan.

4857-4064-1283.v1

EXHIBIT A

3. Defendant Ally Financial Inc. ("Ally") is a Delaware corporation with its principal place of business located in Detroit, Michigan. At all relevant times, Ally continually and systematically conducts business in Wayne County, Michigan.

4. The amount in controversy exceeds $25,000 exclusive of interest, and costs, and attorneys' fees, and jurisdiction is otherwise appropriate in this Court.

5. Venue is proper in Wayne County, Michigan as Ally has had its principal place of business located in Wayne County at all relevant times.

**Factual Background**

6. Plaintiffs purchased a 2018 Ford Transit Van, VIN 1FTYE1ZG6JKA31463, at a dealer located in Southfield, Michigan (the "Vehicle"). Plaintiffs financed the purchase through a loan from Ally, Account #611928735422 (hereinafter the "Loan"). Ally's lien arising from this Loan was referenced on the title to the Vehicle.

7. The Vehicle was involved in an accident and suffered extensive damage.

8. Plaintiffs made a claim with their insurance carrier which thereafter issued a payment to Ally sufficient to pay the Loan in full as of the date of its receipt.

9. By letter dated October 7, 2020, Ally incorrectly advised Plaintiffs that despite the insurance payment, the Loan had an outstanding balance of $101.24. *See* **Exhibit A**. Notwithstanding the fact that the letter was incorrect and the Loan was paid in full as a result of the insurance payment, Plaintiffs nevertheless paid Ally the claimed balance of $101.24.

10. Even though the Loan was more than paid in full upon receipt of the insurance payment, Ally refused multiple requests to release its lien on the Vehicle.

11. On or about May 17, 2021, Ally issued to Plaintiffs a refund check for $284.34 representing the total overpayment on the Loan account (A copy of the check is attached hereto as

**Exhibit B**). This refund check is an admission from Ally that the Loan had been paid in full as of Ally's receipt of the insurance payment, and that Ally's claim in the October 7, 2020 letter that a balance of $101.24 remained outstanding on the Loan was incorrect.

12. Notwithstanding Ally's tender of the refund check and acknowledgement that the Loan had been paid in full as of the date of the insurance payment, Ally thereafter failed or refused to release its lien on the Vehicle.

13. Notwithstanding the fact that the Loan was paid in full upon Ally's receipt of the insurance payment, it made one or more false negative credit report against Plaintiff Moore based upon the incorrect assertion that a balance of $101.24 was owed after Ally's receipt of the insurance payment.

14. The false negative credit reports made by Ally against Ms. Moore have caused her extensive damage, including additional finance charges regarding a vehicle purchase and have prevented Ms. Moore from obtaining financing for a new home purchase, lost credit opportunities, damage to reputation humiliation, and emotional and mental distress and anguish, among other costs and losses, including attorney fees.

15. On July 15, 2021, counsel for Plaintiffs asked that Ally release the lien on the Vehicle, explaining that the Account was paid in full, and that Plaintiffs no longer had an outstanding balance on the Account (the "Demand Letter") (attached hereto as **Exhibit C**).

16. Ally did not respond to the Demand Letter.

17. As a result of Ally's conduct, including its refusal to release its lien on the Vehicle and false negative credit report against Ms. Moore, Plaintiffs have incurred damages in excess of $25,000, exclusive of interest, costs and attorney fees to be proven at trial, including without limitation: a) loss of value of the Vehicle; b) increased costs to obtain other vehicle credit; c)

losses incurred from inability to finance a new home purchase, including lost opportunity costs; d) damage to reputation; humiliation, mental and emotional distress and other losses and costs, including actual attorney fees.

### Count I-Violation of the Fair Credit Reporting Act

18. Paragraphs 1 through 17 are incorporated by reference.

19. Pursuant to the Fair Credit Reporting Act (15 USC 1681a(f)), Ally is a consumer reporting agency. 15 U.S.C.A. § 1681a. Thus, Ally was obligated to follow reasonable procedures to ensure that its negative credit report against Plaintiff Moore was accurate 15 U.S.C.A. § 1681e.

20. However, Ally, despite having actual knowledge that the Loan account was paid in full (as evidenced by Ally's refund to Plaintiffs of $284.34), filed the false credit report against Ms. Moore.

21. As a direct result of Ally knowingly and/or negligently making this false credit report, Ms. Moore's credit has been severally damaged, forcing her to incur $8,500 in additional finance charges for a new vehicle purchase, among other costs and losses, lost opportunities, loss of reputation, humiliation, emotional and mental distress and anguish, and actual attorney fees.

22. Further, as a result of Ally's acts and omissions, Plaintiff Moore was unable to obtain new financing for a new home purchase.

23. As a direct result of Ally's acts and omissions referenced above, Plaintiffs have sustained damages in excess of $25,000 exclusive of costs and interests to be proven at trial, plus punitive damages.

### Count II-Violation of MCL 445.272
### (Reporting Adverse Information About Cosigners)

24. Paragraphs 1 through 23 are incorporated by reference.

25. Plaintiff Amanda Moore was a cosigner with Plaintiff Conlan Abu with respect to the Loan.

26. After its receipt of the insurance payment, Ally incorrectly advised Plaintiffs in a letter dated October 7, 2020 that the Account had an outstanding balance of $104.24 when in fact the loan account was paid in full.

27. Despite the fact that the Loan had been paid in full, Plaintiffs still paid the alleged outstanding balance of $101.24. Defendant then refunded Plaintiffs $284.34 due to overpayment on the Loan demonstrating that the Loan had been overpaid upon receipt of the insurance payment. Thus, the Loan had been more than paid in full at the time that Ally demanded an additional $101.24 payment through the October 7, 2020 letter.

28. Ally falsely reported adverse information to third party consumer reporting agencies regarding Ms. Moore's credit with respect to an outstanding balance on the Loan even though Ally acknowledged that the Loan had been paid in full, as evidenced by the refund check paid on May 17, 2021, which was more than the $101.24 amount that Ally claimed was due in the October 7, 2020 letter.

29. As a direct result of Ally's intentional and/or negligent acts and omissions described above, Plaintiffs have sustained actual and presumed damages in excess of $25,000 exclusive of costs and interests to be proven at trial, for which punitive damages are also appropriate and warranted.

### Count III-Violation of MCL 257.241
### (Failure to Release a Security Interest in a Motor Vehicle)

30. Paragraphs 1 through 29 are incorporated by reference.

31. Ally had a secured interest in the Vehicle as a result of the Loan.

EXHIBIT A

32. As Ally acknowledged through tender of the refund check, Plaintiffs made or caused to be made to Ally, full payment satisfying the outstanding balance on the Loan.

33. Pursuant to MCL 257.241, "A secured party shall execute a release of its security interest in a motor vehicle in a manner prescribed by the department not more than 14 days after the secured party receives the payment in satisfaction of the security interest in a motor vehicle." Mich. Comp. Law. § 257.241.

34. However, despite repeated requests, Ally failed to execute a release of its security interest within 14 days after Ally received the payment in satisfaction of the Loan with respect to the Vehicle.

35. Notwithstanding the fact that Ally has been paid in full on the Loan at least since October 2020, Ally refuses to release the lien on the Vehicle.

36. As a direct result of Ally's actions described herein, Plaintiffs have sustained actual and presumed damages in excess of $25,000 exclusive of costs and interests to be proven at trial.

### Count IV-Statutory Conversion

37. Paragraphs 1 through 36 are incorporated by reference.

38. The Vehicle constitutes Plaintiffs' personal property.

39. Ally maliciously and wrongfully exercised dominion and control over Plaintiffs' personal property by refusing to release the lien on the Vehicle title, an act that is inconsistent with Plaintiffs' right of ownership as the Loan has been paid in full at least since October 7, 2020, and has refused repeated demands to release its lien on the Vehicle. Ally's actions have been malicious and were done with an actual intent to harm Plaintiffs and for no valid purpose justified at law.

EXHIBIT A

40. Ally's conduct constitutes both common law conversion and statutory conversion of Plaintiffs' property for which Ally is liable for actual and treble damages pursuant to MCL 600.2919a.

41. Plaintiffs have been damaged by Defendant's common law and statutory conversion of their property by an amount exceeding $25,000 exclusive of interest, costs, and treble damages, to be proven at trial.

WHEREFORE, Plaintiffs request the following relief against Ally:

A. A money judgment for all damages proven at trial in an amount exceeding $25,000 exclusive of interest and costs, including treble and punitive damages;

B. Issuance of an Order finding and decreeing that Ally's credit report made against Plaintiffs was false and defamatory;

C. Issuance of a permanent injunction requiring Ally to reverse the inaccurate negative credit report made against Plaintiffs;

D. Issuance of a permanent injunction or Order requiring Ally release the lien on the Vehicle;

E. Costs and attorney fees; and

F. Any other and further relief the Court considers just and equitable.

Respectfully submitted,

/s/ R. Christopher Cataldo
R. Christopher Cataldo (P39353)
Jaffe, Raitt, Heuer & Weiss, P.C.
Attorneys for Plaintiffs
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
ccataldo@jaffelaw.com

Dated: November 16, 2021

EXHIBIT A

# EXHIBIT A



P.O. Box 380902
Bloomington, MN 55438-0902

10/7/2020

Conlan Abu

WASHINGTON, MI 48095

Account #: ██████5422
Vehicle: 2018 FORD TRANSIT VAN
VIN: 1FTYE1ZG6JKA31463

Dear: Conlan Abu

We have received settlement of your insurance claim on the above referenced vehicle. Unfortunately, this amount is not enough to pay your account in full. As a result, you still owe $101.24 as of 10/7/2020. Finance charges will accrue at a rate of 0.02 each day after the date of this letter.

We figured your remaining balance as follows:

| | | |
|---|---|---|
| Outstanding balance of amount financed as of date of loss | | $24,468.35 |
| Insurance settlement | | -$22,181.88 |
| Outstanding balance minus insurance settlement | | $2,286.47 |
| Expenses | | |
| Finance charges | $104.57 | |
| Late charges | $0.00 | |
| Other charges | $0.00 | |
| Total expenses | | + $104.57 |
| Credit | | |
| Gap protection proceeds | $0.00 | |
| Other ancillary product(s) | -$2,289.80 | |
| Payments received after date of loss | $0.00 | |
| Other | $0.00 | |
| Total credits | | - $2,289.80 |
| Remaining Balance | | $101.24 |

Our records indicate you may have financed one or more optional insurance, maintenance, service, or other ancillary products and might be entitled to a refund. If we were able to obtain a refund on your behalf as of the date of this letter, we applied it as a credit to your account, which is reflected above under other ancillary product(s) credits. If we were not able to obtain a refund as of the date of this letter, you will need to contact your dealer or product administrator for more information on whether a refund is available to you and if so, how to obtain it.

0021398800012900010002



EXHIBIT A

-2-

Account #: ▓▓▓▓▓▓▓5422
Vehicle: 2018 FORD TRANSIT VAN
VIN: 1FTYE1ZG6JKA31463

You may send the remaining balance in full or continue making your scheduled payments of $101.24. If you continue making scheduled payments, your next payment is due on 11/9/2020.

The remaining balance shown above may change because of future additional credits, including ancillary product refunds we receive after the date of this letter, and expenses including finance charges that accrue after the date of this letter.

Sincerely,
Ally

Contact Information: You can reach us by visiting allyauto.com or call 888-925-ALLY (2559).



002139880001290020002

EXHIBIT A

# EXHIBIT B

**ally**

ALLY
P.O. BOX 380902
BLOOMINGTON, MN 55438

**RETURN SERVICE REQUESTED**



| | |
|---|---|
| Check No. | 0001901911 |
| Check Date | 05/17/2021 |
| Check Amount | $284.34 |
| Vendor Number | |



US-006704 0001 0001 001764
CONLAN ABU
& AMANDA MOORE
WASHINGTON, MI 48095

| Invoice Number | Invoice Date | Voucher Number | P.O. Number | Reference | Gross Amount | Adjusted Amount | R | Net Amount |
|---|---|---|---|---|---|---|---|---|
| | 05/13/2021 | | | 611928735422<br>611928735422 | $284.34 | | | $284.34 |
| | | | | **TOTAL** | | | | $284.34 |

Page 1 of 1

↓ PLEASE FOLD ON PERFORATION AND DETACH HERE ↓

VERIFY THE AUTHENTICITY OF THIS MULTI-TONE SECURITY DOCUMENT. CHECK BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM.

**ally**

ALLY
P.O. BOX 380902
BLOOMINGTON, MN 55438

0001901911
May 17, 2021
64-1278/611
VOID AFTER 180 DAYS

Amount: Two Hundred Eighty-Four dollars and 34 cents

**$284.34**

Pay to the order of:
CONLAN ABU
& AMANDA MOORE
4900 32 MILE RD
WASHINGTON, MI 48095

Bank of America N.A.
Atlanta, Dekalb County, Georgia

AUTHORIZED SIGNATURE

⑈1911⑈ ⑆27886⑆ 600 2⑈

EXHIBIT A

# EXHIBIT C



# Jaffe
JAFFE RAITT HEUER & WEISS

27777 FRANKLIN ROAD, SUITE 2500 • SOUTHFIELD, MICHIGAN 48034-8214
PHONE 248.351.3000 • FAX 248.351.3082
www.jaffelaw.com

R. Christopher Cataldo
ccataldo@jaffelaw.com
248.351.3000

July 15, 2021

*Via First Class Mail*

Ally
P.O. Box 380902
Bloomington, MN 55438

Re: *Account #▇▇▇▇▇▇5422*
*Vehicle: 2018 Ford Transit Van*
*VIN: 1FTYE1ZG6JKA31463*

Dear Sir/Madam:

  I represent Conlan Abu and Amanda Rhoades Moore, the account holders regarding the above-referenced loan. By letter dated October 7, 2020 (copy attached for your reference), you advised that the account had been paid in full except for a balance of $101.24. The October 7, 2020 letter was inaccurate as there was no balance due and owing, as this account had been more than paid in full as evidenced by the refund check issued by your company on this account on May 17, 2021 in the amount of $284.34, a copy of which is also enclosed for your convenience. Even though there was no balance owed on this account, Ms. Moore paid the $101.24. Notwithstanding the fact that this account had been paid in full and was not delinquent, your company refused repeated requests to release its lien on the above referenced vehicle and also made a false negative credit report against Ms. Moore and Conlan Abu without them giving the written notice as required by law. The false negative credit report made against Ms. Moore and Conlan Abu has cost them $8,500 today in additional finance charges regarding a vehicle purchase and has materially impeded their ability to obtain new financing for an anticipated new home purchase.

  This letter serves as formal notice of Ms. Moore's and Conlan Abu's intention to bring an action against you for violation of the Fair Credit Reporting Act, 15 USC 1681 et seq, as well as Michigan law prohibiting inaccurate reporting of adverse credit information, MCL 445.272, as well as the Michigan Consumer Protection Act and other state law provisions, including statutory

SOUTHFIELD • DETROIT

EXHIBIT A

July 15, 2021
Page 2

conversion. In addition to money damages, Ms. Moore and Conlan Abu will seek a Court order requiring that Ally immediately reverse the inaccurate negative credit report made against both Ms. Moore and Conlan Abu and immediately issue a discharge of its lien against the above referenced vehicle, as well as any other remedy allowed under state or federal law, including treble damages. All rights are reserved and nothing is waived. Govern yourself accordingly.

Very truly yours,

**Jaffe, Raitt, Heuer & Weiss**
Professional Corporation

R. Christopher Cataldo

RCC/prm
Enclosures

4818-9715-7618.v1

EXHIBIT A