### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### DETROIT DIVISION

CONLAN ABU, a California
Corporation, and AMANDA
RHOADES MOORE, an individual,

     Plaintiffs,

    v.

ALLY FINANCIAL INC.,

     Defendant.

Case No.  2:21-cv-12925-NGE-CI

### DEFENDANT ALLY FINANCIAL INC.'S
### MOTION TO COMPEL DISCOVERY

Defendant Ally Financial Inc. ("Ally"), by counsel, hereby moves, pursuant to Fed. R. Civ. P. 37, for an order compelling full and complete responses to the written discovery served by Ally on Plaintiffs Amanda Rhoades Moore ("Moore") and Conlan Abu, a California Corporation, ("Conlan Abu") (collectively, "Plaintiffs"), and in support state as follows:

1.     On May 9, 2022, Ally served its: (a) Interrogatories to Plaintiff Amanda Rhodes Moore; (b) Interrogatories to Plaintiff Conlan Abu; and (c) Request for Production of Documents to Plaintiffs Amanda Rhoades Moore and Conlan Abu. Copies of the discovery requests served on Plaintiffs are attached hereto as **Exhibit A**.

1

2.      Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiffs' deadline for responding to Ally's discovery requests was June 8, 2022.

3.      Plaintiffs did not serve responses to Ally's discovery requests on June 8, 2022or any time thereafter.

4.      Ally inquired regarding the status of Plaintiffs' discovery responses on several occasions and followed up with a written request on July 7, 2022.  A Copy of the July 7, 2022 email from Ally's counsel to counsel for Plaintiffs is attached hereto as **Exhibit B**.

5.      Ally followed up with a second written request that Plaintiffs provide responses to the discovery requests on July 28, 2022.  A Copy of the July 28, 2022 email from Ally's counsel to counsel for Plaintiffs is attached hereto as **Exhibit C**.

6.      Plaintiffs did not respond to either the July 7 or the July 28, 2022 emails.

7.      On August 12, 2022, having received no further communication from Plaintiffs, Ally sent Plaintiffs a proposed stipulated order compelling discovery, which proposed a deadline of August 26, 2022 (two weeks from the date that Ally sent the stipulation to Plaintiffs) for Plaintiffs' responses.  Ally informed Plaintiffs that if they would not so stipulate, that Ally intended to file a motion to compel.  A Copy of the August 12, 2022 email from Ally's counsel to counsel for Plaintiffs is attached hereto as **Exhibit D**.

8.      Hearing no response, Ally's counsel followed up with another email on August 19, 2022.  Counsel for Plaintiffs responded, indicating that responses to the discovery would be provided by no later than August 26, 2022.  A Copy of the August 19, 2022 email from Ally's counsel to counsel for Plaintiffs and the August 22, 2022 response is attached hereto as **Exhibit E**.

9.      Having still not received any responses from Plaintiffs, Ally's counsel followed up via email on August 30 and August 31.  Plaintiffs' counsel indicated that his clients are "working on the responses."  But he refused to provide a date certain as to when the responses would be provided and stated that he would be serving objections to the discovery requests that were due almost three months ago on June 8, 2022.  A Copy of the August 30-31, 2022 email exchange is attached hereto as **Exhibit F**.

10.     To date Plaintiffs have not served any responses to Ally's discovery requests, and the responses are now more than eleven weeks late.

11.     Pursuant to Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  The information requested by Ally in its discovery requests to Plaintiffs are relevant to the claims at issue in this matter.  Plaintiffs failure to respond to discovery, and failure to communicate with Ally's counsel, as set forth above, has

severely hindered Ally's ability to engage in discovery and defend against this action.

12.     Further, "[a]s a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018).  Here, because Plaintiffs have not provided any reasons for the three month delay in providing responses, the Court should find that Plaintiffs have waived all objections to Ally's discovery requests.

13.     Pursuant to Local Rule 7.1(a), Ally sought concurrence from Plaintiffs in the relief requested in this Motion, but Plaintiffs have refused.  *See passim.*

WHEREFORE, Defendant Ally Financial Inc. requests that this Honorable Court enter an Order (1) granting this Motion, (2) compelling Plaintiffs to provide, no later than seven days after entry of the order granting this Motion, full and complete responses, without any objections, to Ally's Interrogatories to Plaintiff Amanda Rhodes Moore, Ally's Interrogatories to Plaintiff Conlan Abu, and Ally's Request for Production of Documents to Plaintiffs Amanda Rhodes Moore and Conlan Abu, and (3) awarding Ally its attorneys' fees and costs incurred in filing this Motion.

Dated:      September 1, 2022        Respectfully submitted,

By:   /s/ *Ethan G. Ostroff*

Ethan G. Ostroff, Esq.
Mark Kundmueller, Esq. (P66306)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Ave. Suite 2000
Virginia Beach, Virginia 23462
757.687.7586
ethan.ostroff@troutman.com
mark.kundmueller@troutman.com

Armeen F. Mistry (P84534)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
(248) 359-7300
Armeen.mistry@troutman.com

*Counsel for Ally Financial Inc.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September 2022, the foregoing

*Defendant Ally Financial Inc.'s Motion to Compel Discovery* was filed through the

Court's CM/ECF system which will send notification to all counsel of record.

/s/ *Ethan G. Ostroff*
Ethan G. Ostroff

128893992

6